UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAZZIM COOPER,

                 Petitioner,

              -v.-

MICHAEL LAPRA,

                 Respondent.

18 Civ. 9405 (KPF)

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

KATHERINE POLK FAILLA, District Judge:

    Pending before the Court is the May 7, 2020 Report and Recommendation from United States Magistrate Ona T. Wang (the "Report") (Dkt. #29), attached), addressing Petitioner Kazzim Cooper's petition for writ of *habeas corpus*. Judge Wang recommends that Cooper's petition be denied without prejudice to refile once he has exhausted his claims in state court. Additionally, Judge Wang recommends that a certificate of appealability not be issued because Cooper has not made a substantial showing of the denial of a constitutional right.

    The Court has examined the Report and notes that no party has objected within the fourteen-day period from its service, as provided by 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court finds no error in the Report and adopts it in its entirety.

**BACKGROUND**

    The relevant facts underlying this action are set forth in the Report, and the Court assumes familiarity with them. A brief overview is set forth herein, drawing from the detailed recitation of the facts in the Report (*see* Report 1-4), as well as from entries in the public docket.

On October 10, 2014, Cooper was convicted before the New York Supreme Court, New York County, of assault in the first degree, N.Y. Penal Law § 120.10(1), and assault in the second degree, N.Y. Penal Law § 120.05(1). (Dkt. #1, 10; Report 3). The sentencing court ordered a psychiatric evaluation of Cooper and, on March 4, 2015, the court found Cooper incompetent to be sentenced. (Report 3). Cooper was committed to the New York Commissioner of Mental Health. (*Id.*). On August 14, 2015, Cooper was found to be competent to be sentenced, and was sentenced to concurrent sentences of six years' imprisonment plus five years' post-release supervision on the first-degree assault count, and six years' imprisonment plus three years' post-release supervision on the second-degree assault count. (*Id.*).

On October 24, 2017, Cooper commenced an action in the United States District Court for the Southern District of New York under 42 U.S.C. § 1983, claiming that his state custody was unconstitutional under the Thirteenth and Fourteenth Amendments to the Constitution. (Report 3 (citing *Cooper* v. *Keyser*, No. 17 Civ. 8209 (VSB) (S.D.N.Y. Apr. 18, 2018))). The court dismissed Cooper's complaint after finding that he "[did] not demonstrate that [he] has exhausted his available state remedies in accordance with 28 U.S.C. § 2254(b) and (c)." (*Id.*). On July 26, 2018, Cooper, who was represented by counsel, filed a direct appeal of his conviction to the Supreme Court of State of New York Appellate Division, First Department. (Dkt. #18-1; Report 4). The appeal is currently pending. (Dkt. #25-1; Report 4).

2

On October 15, 2018, Cooper filed the instant petition for *habeas corpus*, seeking to challenge his conviction and six-year sentence. (Report 1-2). Specifically, Cooper argues that his conviction is invalid because (i) he was incompetent to stand trial at the time that the court determined his guilt; and (ii) trial court could not "retrospectively" determine his competency during trial. (Dkt. #1; Report 2 (citing *People* v. *Pena*, 675 N.Y.S.2d 330 (1st Dep't 1998))). Thus, Cooper asserts that his commitment, sentencing, and incarceration violated the Thirteenth and Fourteenth Amendments and the double jeopardy clause of the Fifth Amendment. (Report 2).

On October 17, 2018, this matter was referred to Magistrate Judge Wang, who ordered Respondent Michael Lapra to file an answer to the petition and provide relevant transcripts and briefs. (Dkt. #4). On December 12, 2018, Lapra filed a letter seeking, *inter alia*, a limitation on the scope of his Answer and a dismissal without prejudice due to Cooper's failure to exhaust his state court remedies under 28 U.S.C. § 2254(a). (Dkt. #10; Report 2). Judge Wang directed Lapra to provide periodic status updates on Cooper's pending direct appeal. (Dkt. #24; *see* Dkt. #25-28). On February 18, 2020, the First Department issued a slip opinion assigning new counsel to Cooper and granting him until at least mid-June 2020 to perfect his appeal. (Dkt. #27).

On May 7, 2020, Judge Wang issued the Report and recommended that the Court dismiss the petition without prejudice. (*See generally* Report). Judge Wang found that the claims raised in the petition also formed the basis of his claims in the pending direct appeal in the First

Department. (Dkt. #18-1). In light of this, Judge Wang concluded that Cooper had not exhausted his state remedies as to the claims he asserted, and his petition was not ripe for review. (Report 4, 5 (citing *Carvajal* v. *Artus*, 633 F.3d 95, 104 (2d Cir. 2011))). Judge Wang further recommended that a certificate of appealability not be issued because Cooper had not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Objections to the Report were due on or before May 21, 2020. (*Id.*). Neither party objected to the Report.

## DISCUSSION

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Grassia* v. *Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may also accept those portions of a report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Ramirez* v. *United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012) (citation omitted). A magistrate judge's decision is clearly erroneous only if the district court is "'left with the definite and firm conviction that a mistake has been committed.'" *Easley* v. *Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States* v. *U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A party's failure to object to a report and recommendation, after receiving clear notice of the consequences of such a failure, operates as a waiver of the party's right both to object to the report and recommendation and to obtain appellate review." *Grady* v. *Conway*,

4

No. 11 Civ. 7277 (KPF) (FM), 2015 WL 5008463, at *3 (S.D.N.Y. Aug. 24, 2015) (citing *Frank* v. *Johnson,* 968 F.2d 298, 300 (2d Cir. 1992)).

Because Cooper has not filed an objection to the Report, he has waived his right to object and to obtain appellate review. Even so, the Court has reviewed the Report and finds that its reasoning is sound and it is grounded in fact and law. Having reviewed the record, the Court finds no clear error and adopts the Report in its entirety.

## CONCLUSION

The Court has thus reviewed the Report for clear error and finds none. The Court agrees completely with Judge Wang's well-reasoned Report and hereby adopts its reasoning by reference. Accordingly, it is hereby ordered that the petition is DISMISSED without prejudice to refile once Cooper has exhausted his claims in state court.

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:   June 17, 2020
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

*A copy of this Order was mailed by Chambers to:*

Kazzim Cooper
152 W. 118th Street, Apt. 5E
New York, NY 10026

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KAZZIM COOPER,

                      Petitioner,                    18-CV-9405 (KPF) (OTW)

        -against-                    **REPORT & RECOMMENDATION**

MICHAEL LAPRA,

                      Respondent.

------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

**To the Honorable Katherine Polk Failla, United States District Judge:**

I.      **Introduction**

Petitioner Kazzim Cooper brings this *habeas corpus* proceeding in accordance with 28 U.S.C. § 2254, seeking to challenge his conviction and sentence for first- and second-degree assault.[1] After a bench trial in New York County Supreme Court, Justice Robert Stoltz found

---

[1] Although Petitioner was incarcerated at Sing Sing Correctional Facility at the time he filed his Petition, he was released on parole on December 7, 2018, according to the New York State Department of Corrections and Community Supervision Inmate Lookup service. *See* Inmate Population Information Search, DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, http://nysdoccslookup.doccs.ny.gov (last visited May 4, 2020); *see also* ECF 12. Petitioner stated he was subsequently reincarcerated at an unknown date for a parole violation and re-released in October 2019. (ECF 21; ECF 22). Although Petitioner is no longer in custody, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, requires that a state prisoner's habeas petition "name as respondent the state officer who has custody." Accordingly, the Court treats Petitioner's Petition as if he had named the proper respondent. *See, e.g.*, *Bell v. Ercole*, 631 F. Supp. 2d 406, 411 n.1 (S.D.N.Y. 2009) (although petitioner was relocated to different prison after filing petition, court deemed respondent proper because named respondent had custody of petitioner at time he filed petition, petitioner was *pro se*, and the State did not challenge court's jurisdiction). Additionally, the fact that Petitioner has been released on parole does not moot his *habeas* petition, as he remains subject to "collateral consequences" from his conviction. *See Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998) (petitioner's incarceration when he filed petition, despite subsequently being paroled, was all that the "'in custody' provision of 28 U.S.C. § 2254 requires" and collateral consequences of wrongful conviction are presumed to exist, even if "remote and unlikely to occur"); *see also Cox v. Brandt*, No. 10-CV-9175, 2012 WL 2282508, at *7 n.7 (S.D.N.Y. June 15, 2012) (Cott, M.J.).

1

Petitioner guilty on October 10, 2014 on both counts. (ECF 18 at 696).[2] On December 17, 2014, based on statements made by defense counsel and Petitioner, Justice Stoltz ordered a competency examination, over Petitioner's objection, pursuant to New York Penal Law § 730. (ECF 18 at 699-704). At a hearing on March 4, 2015, Petitioner was found unfit, and he was remanded to the Department of Mental Health. (ECF 18 at 707). On August 14, 2015, after finding Petitioner fit to be sentenced, Justice Stoltz sentenced Petitioner to six years in prison followed by five years' post-release supervision on the first-degree assault, and six years in prison followed by three years' post-release supervision on the second-degree assault, to be served concurrently. (ECF 18 at 714-717).

Petitioner now challenges his conviction in light of his incompetency finding. Specifically, Petitioner cites *People v. Pena*, 675 N.Y.S.2d 330 (N.Y. App. Div. 1st Dept. 1998) and other cases for the proposition that the trial court could not "retrospectively" determine his competency during trial, and thus his commitment, later sentencing and incarceration violated the Thirteenth and Fourteenth Amendments and the double jeopardy clause of the Fifth Amendment. (*See* ECF 1 and its attachments, *passim*).

Respondents argue that the petition must be dismissed for Petitioner's failure to exhaust state remedies as required by 28 U.S.C. § 2254(a). Because Petitioner has failed to exhaust his State court remedies challenging his conviction, I recommend that the petition be dismissed without prejudice.

---

[2] Respondent filed all relevant transcripts in a single PDF. (*See* ECF 18). For ease of reference, citations are to the ECF page numbers.

2

## II.     Background

On October 10, 2014, Petitioner was convicted following a non-jury bench trial of one count of first-degree assault pursuant to N.Y. Penal Law § 120.10(1) and one count of second-degree assault pursuant to N.Y. Penal Law § 120.05(1). (ECF 1 at 10; ECF 10 at 1). Petitioner alleges the court, on December 17, 2014, *sua sponte* "set aside" Petitioner's verdict pursuant to New York Criminal Procedure Law § 330.30 (1), but the record does not reflect this. (ECF 1 at 10; ECF 1-4 at 1). Instead, during that hearing the court ordered a psychiatric examination under New York Criminal Procedure Law § 730. (ECF 18 at 703). On March 4, 2015, Petitioner was found to be incompetent to be sentenced, and he was committed to the custody of the Commissioner of Mental Health. (ECF 1 at 10; ECF 1-4 at 1; ECF 18 at 707). On August 14, 2015, after Petitioner was found to be competent, Petitioner was sentenced to concurrent sentences of six years' imprisonment plus five years' post-release supervision on the first-degree assault count, and six years' imprisonment plus three years' post-release supervision on the second-degree assault count. (ECF 1 at 10; ECF 10 at 1; ECF 17 at 2; ECF 18 at 716). Petitioner was released to parole supervision on or around December 7, 2018. (ECF 10 at 1, 4).

On October 24, 2017, Petitioner filed an action under 42 U.S.C. § 1983 raising substantially the same claims he brings this *habeas* petition. *See Cooper v. Keyser*, No. 17-cv-08209 (S.D.N.Y. Apr. 18, 2018). Petitioner alleged, *inter alia*, that his custody was unconstitutional under the 13th and 14th amendments. *Id*. The Court dismissed Mr. Cooper's complaint, finding that "Plaintiff may not challenge the validity of his conviction or obtain release from custody in a §1983 action; instead, he can only obtain such relief by bringing a petition for a writ of *habeas* corpus under 28 U.S.C. § 2254." *Id.*, ECF 7 at 3. And to the extent

3

that the complaint could be construed as a *habeas* petition, Judge McMahon found that the complaint "[did] not demonstrate that plaintiff has exhausted his available state remedies in accordance with 28 U.S.C. § 2254(b) and (c)." *Id*.

On July 26, 2018, Petitioner, through counsel, submitted a direct appeal of his conviction to the Supreme Court of the State of New York Appellate Division, First Department. (ECF 18-1). This appeal is currently pending. (ECF 25 at 2; ECF 25-1 at 7-8).

On October 15, 2018, Petitioner filed the instant petition. (ECF 1). On October 19, 2018, I directed Respondent to file an answer and provide the transcripts and briefs. (ECF 4). On December 12, 2018, Respondent filed a letter seeking, *inter alia*, a limitation on the scope of its Answer and a dismissal without prejudice in light of Petitioner's failure to exhaust his available state remedies. (ECF 10). Because it was unclear at the time whether Petitioner's direct appeal would soon be decided, I directed Respondent to provide periodic status updates on the direct appeal process. (ECF 24; *see* ECF 25-28).

### III. Discussion

#### A. Legal Standard

A district court may entertain an application for a writ of *habeas* corpus on behalf of a person in custody pursuant to the judgment of a state court "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, such application may only be granted if "it appears that the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A); *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir.2011) ("[B]efore a federal court can consider a *habeas* application brought by a state prisoner, the *habeas* applicant must exhaust

all of his state remedies."). In order to exhaust his state remedies, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347 (2004).

In New York, a petitioner is "entitled to one (and only one) appeal to the Appellate Division and one request for leave to appeal to the Court of Appeals[.]" *Aparicio v. Artuz*, 269 F.3d 78, 91 (2d Cir. 2001) (citing N.Y. Crim. Proc. Law § 450.10(1); N.Y. Court R. § 500.10(a)).

**B. Exhaustion Analysis**

At the time of filing, Petitioner's claims raised in the *habeas corpus* petition were also partially the basis for his currently pending direct appeal in the New York Supreme Court Appellate Division, First Department.[3] (*See* ECF 18-1). On February 18, 2020, the First Department issued a slip opinion assigning new counsel and granting Petitioner until at least mid-June 2020 to perfect his appeal. (*See* ECF 27 at 3). Thus, Petitioner's claims have not been exhausted and this Court is unable to consider the Petition. *Carvajal*, 633 F.3d at 104.

Further, this is not a "mixed petition" case, presenting both exhausted and non-exhausted claims, which may be stayed pending exhaustion where a petitioner had good cause for failing to exhaust, the claims are potentially meritorious, and the petitioner has not "engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). The petition presented here contains only unexhausted

---

[3] Petitioner has been represented by several attorneys throughout his New York State appeal. (ECF 25 at 1-2). While his second counsel filed an appellate brief on July 26, 2018, the Appellate Division has since granted his current counsel's motion to strike the brief, provided time for a new brief to be filed, and adjourned the appeal to the June 2020 term. (*Id.*)

5

claims and Petitioner has not cited good cause for his failure to exhaust. Accordingly, this case must be dismissed without prejudice to refile once Petitioner's state remedies have been exhausted.

### C. Petitioner's Argument to Waive Exhaustion

Petitioner argues that his exhaustion requirement should be waived because "in the absence of an independent and adequate state ground in federal habeas corpus review, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court." *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). Petitioner has misinterpreted this statement made by the Supreme Court. The Supreme Court stated in *Coleman* that:

> When the independent and adequate state ground supporting a habeas petitioner's custody is a state procedural default, an additional concern comes into play. This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims. This exhaustion requirement is also grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights. As we explained . . . : "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."
>
> . . .
>
> These same concerns apply to federal claims that have been procedurally defaulted in state court. Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer "available" to him. *In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court.* The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

6

*Id*. at 731-732 (emphasis added) (internal citations omitted).

In other words, if the state court's decision rests on an independent and adequate state procedural ground, then federal *habeas* corpus review is barred, unless the petitioner can demonstrate cause for the procedural default, and actual prejudice resulting from the alleged constitutional violation or that he is actually innocent. *See D'Onofrio v. Annucci*, No. 16-CV-1740, 2018 WL 6251367, at *10 (S.D.N.Y. Oct. 23, 2018), *report and recommendation adopted,* 2018 WL 6250660 (S.D.N.Y. Nov. 29, 2018); *see also Bousley v. U.S.*, 523 U.S. 614, 622 (1998); *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002). A procedural ground "is independent if the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." *D'Onofrio*, 2018 WL 6251367, at *10 (quoting *Harris v. Reed*, 489 U.S. 255, 263 (1989)). A procedural bar "is adequate if it is based on a rule that is firmly established and regularly followed by the state in question." *Id.* (quoting *Monroe v. Kuhlman,* 433 F. 3d 236 (2d Cir. 2006)).

In quoting the sentence from *Coleman* out of context, Petitioner's argument seems to be that since there has not yet been a ruling by the state court (because his appeal has not been perfected), he should be able to avoid the exhaustion requirement in his federal *habeas* proceeding. But *Coleman* only comes into play when considering a *habeas* petition that contains claims that were procedurally defaulted in state court. Here, since Petitioner is still pursuing his state remedies, his federal claims are not defaulted, and principles of comity require state courts to have the first opportunity to "correct[] their own mistakes," if they exist, and that is accomplished through the exhaustion requirement for federal *habeas*. *Coleman*, 501 U.S. at 732.

## IV.     Conclusion

For the foregoing reasons, Petitioner's *habeas* petition should be denied without prejudice to refile once he has exhausted his claims in state court. Furthermore, because Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2), a certificate of appealability should not be issued.

## V.      Objections

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written objections. *See also* Fed. R. Civ. P. 6 (allowing three (3) additional days for service by mail). A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, shall be filed with the Clerk of Court, *Pro Se* Intake Unit, United States Courthouse, 500 Pearl Street, Room 200, New York, New York 10007. In light of the ongoing COVID-19 pandemic, the Pro Se Intake Unit is accepting filings through the mail and through a drop box located in the courthouse lobby. Filings from *pro se* parties without electronic filing privileges are also being <u>temporarily</u> accepted by email. Further information and instructions may be found at https://www.nysd.uscourts.gov/prose. Parties are encouraged to avoid travel and submit filings via mail or email. Any requests for an extension of time for filing objections must be directed to Judge Failla.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS <u>WILL</u> RESULT IN A WAIVER OF OBJECTIONS AND <u>WILL</u> PRECLUDE APPELLATE REVIEW.** (*See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v.*

8

*Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983)).

Respondent is directed to mail a copy of this Report & Recommendation to Petitioner within 7 days and file proof of service on the CM/ECF docket. Alternatively, if circumstances related to the ongoing COVID-19 pandemic prevents their service, they must file a letter on the docket instead.

Respectfully submitted,

                                                                  *s/ Ona T. Wang*

Dated: May 7, 2020                                               **Ona T. Wang**
New York, New York                                     United States Magistrate Judge