UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAZZIM COOPER,

                        Petitioner,

                  -v.-

MICHAEL LAPRA,

                        Respondent.

18 Civ. 9405 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    The Court is in receipt of Petitioner's motion for reconsideration, dated November 13, 2020, and docketed November 25, 2020. (Dkt. #31). By Opinion dated June 17, 2020, the Court adopted the Report and Recommendation of Magistrate Judge Wang and dismissed Petitioner's petition for writ of *habeas corpus* without prejudice. (Dkt. #30). The Court agreed with Judge Wang's finding that Petitioner failed to exhaust his state remedies and that his petition was not ripe for review. (*Id.*). Petitioner's motion for reconsideration is untimely and Petitioner has failed to establish that reconsideration is otherwise justified on the merits. Petitioner's motion is therefore denied.

    Under Local Rule 6.3, a motion for reconsideration "shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." Here, it is undisputed that Petitioner filed his motion for reconsideration of the Court's June 17, 2020 decision approximately five months after the Court's determination of the underlying motion. (*See* Dkt. #30-31). Courts in this Circuit have consistently held that the untimeliness of a motion for reconsideration is reason enough to deny the motion. *See, e.g.*, *McGraw-Hill Glob. Educ. Holdings, LLC* v. *Mathrani*, 293 F. Supp. 3d

394, 397 (S.D.N.Y. 2018); *see also Cyrus* v. *City of N.Y.*, No. 06 Civ. 4685 (ARR) (RLM), 2010 WL 148078, at \*1 (E.D.N.Y. Jan. 14, 2010) (collecting cases). Petitioner offers no justification for his delay in filing the motion for reconsideration. (*See* Dkt. #31). This is reason enough to deny his motion for reconsideration of the Court's June 17, 2020 decision.

Additionally, the Court finds that Petitioner's motion for reconsideration lacks merit. "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 403 n.6 (S.D.N.Y. 2011) (quoting *Patterson* v. *United States*, No. 04 Civ. 3140 (WHP), 2006 WL 2067036, at \*1 (S.D.N.Y. July 26, 2006)). Under Local Rule 6.3, the moving party must "point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp. Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995) (internal citations omitted) (noting that the standard for granting motions for reconsideration is "strict"); *accord Van Buskirk* v. *United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). Compelling reasons for granting a motion for reconsideration are limited to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd.* v. *Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted); a*ccord Kolel Beth Yechiel Mechil of Tartikov, Inc.* v. *YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise

2

taking a 'second bite at the apple[.]'" *Analytical Surveys, Inc.* v. *Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp.* v. *GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Petitioner offers no new evidence and points to no change in controlling law that would justify reconsideration of the Court's order. (*See* Dkt. #31). Nor does Petitioner address the Court's finding that he failed to exhaust his state remedies, the basis for the June 17, 2020 Opinion. Instead, Petitioner reiterates the same arguments that he has advanced throughout this case. A motion for reconsidering is not "an occasion for repeating old arguments previously rejected." *Stone* v. *Theatrical Inv. Corp.*, 80 F. Supp. 3d 505, 506 (S.D.N.Y. 2015). Petitioner has already advanced these arguments, and both Judge Wang and this Court have carefully considered and rejected them, finding instead that Petitioner has failed to exhaust his state remedies. Therefore, Petitioner's motion for reconsideration is properly denied.

The Clerk of Court is directed to mail a copy of this Order to Petitioner at his address of record.

SO ORDERED.

Dated: November 30, 2020
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge