UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAZZIM COOPER,

                Petitioner,

        -v.-

MICHAEL LAPRA,

                Respondent.

18 Civ. 9405 (KPF) (OTW)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    The Court is in receipt of Petitioner's letter, dated October 13, 2021, and addressed to Judge Preska, expressing his disagreement with this Court's disposition of his habeas petition. (Dkt. #42). The Court understands this letter to be a request for reassignment of this matter so that Petitioner may seek relief from this Court's June 17, 2020 Order denying his habeas corpus petition for failure to exhaust state court remedies. (Dkt. #30).

    The arguments contained in Petitioner's October 13, 2021 letter echo those made in his prior motion for reconsideration, which was filed on November 25, 2020. (*See* Dkt. #31). The Court denied Petitioner's motion for reconsideration by Order dated November 30, 2020, on the grounds that it (i) was untimely under Local Rule 6.3; and (ii) offered no new evidence or presented no change in controlling law to justify reconsideration of the Court's order. (*Id.*). Consistent with that decision, the Court reiterates that "[a] motion for reconsidering is not "an occasion for repeating old arguments previously rejected." *Stone* v. *Theatrical Inv. Corp.*, 80 F. Supp. 3d 505, 506 (S.D.N.Y. 2015). Accordingly, Petitioner's request for reconsideration is denied.

To the extent Petitioner seeks for this case to be reassigned to a different judge, he has set forth no grounds to establish this Court's recusal. As Petitioner is proceeding *pro se*, he may not bring an application pursuant to 28 U.S.C. § 144, because he is unable to satisfy the provision's threshold requirement that an application for recusal include a certificate of good faith from counsel of record. *See* 28 U.S.C. § 144; *see also Williams* v. *N.Y.C. Hous. Auth.*, 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003).

Furthermore, Petitioner has failed to articulate any affirmative bias or prejudice displayed by this Court that would warrant disqualification. Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Second Circuit applies this standard by asking whether "'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal,' or alternatively, whether 'a reasonable person, knowing all the facts,' would question the judge's impartiality." *United States* v. *Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (quoting *United States* v. *Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992)). Petitioner's assertion that somehow this Court and Magistrate Judge Wang "conspired with N.Y. State Attorney General Matthew Keller to obstruct the enforcement of the 13th Amendment" manifestly fails to meet this standard. Consequently, to the extent Petitioner seeks reassignment of this case, this request is denied.

The Clerk of Court is directed to mail a copy of this Order to Petitioner at his address of record.

SO ORDERED.

Dated:  November 4, 2021
        New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge